**ELECTRONICS CORPORATION OF AMERICA, Plaintiff-Appellee,**

v.

**REPUBLIC INDUSTRIES, INC., Defendant-Appellant.**

**No. 74-1274.**

United States Court of Appeals, First Circuit.

Argued Nov. 6, 1974.

Decided Nov. 27, 1974.

Certiorari Denied April 28, 1975. See 95 S.Ct. 1679.

---

William E. Lucas, Chicago, Ill., with whom Howard H. Rogers, Jr., Gradolph & Rogers, Davis, McCaleb & Lucas, Chicago, Ill., Michael J. Liston and Newman, Meserve, King & Romero, Boston, Mass., were on brief for defendant-appellant.

W. R. Hulbert, Boston, Mass., with whom Frank P. Porcelli and Fish & Richardson, Boston, Mass., were on brief for plaintiff-appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

PER CURIAM.

This appeal by a defendant found to have infringed a trademark raises no significant questions, and only a short opinion is called for. Plaintiff for some decades has owned a duly registered mark, FIREYE, embellished with a couple of zigs. Defendant, refused registration of FIRE-EYE, with zags, nevertheless adopted it. Plaintiff manufactures, with national and foreign distribution, sensing devices that detect, warn against, and control malfunctioning fires in furnaces ("friendly fires"), and devices that detect and warn against undesired smoke, notably in air conditioning systems. It has manufactured in the past, and is about to resume manufacturing, devices for unfriendly fires. Defendant manufactures door-closing devices to protect against unfriendly fires. Defendant's structures incorporate sensing devices for fire and smoke. Defendant asserts that it acted in good faith, a self-assumed accolade,[1] and that plaintiff's trademark is weak, whatever that may mean in the present context. The court made no such finding. Plaintiff's mark is not comparable with the truly weak marks that defendant cites. FIREYE is not an actual word. Neither is it merely descriptive; there is no true eye. Plaintiff has made a strong showing of public recognition, both of its mark, and of its reputation.

The court found,

"Because of the similarity of the names, and the close relationship of the respective products, however, I find that the continued use by the defendant of the designation 'FIRE-EYE' for its fire and smoke activated automatic door closers is likely to cause confusion between its product and the plaintiff's product and to deceive purchasers as to the source and origin of the defendant's product."

Defendant's appeal is basically an attempt to discredit this finding.

██ It is true that plaintiff failed to establish confusion in fact. However, it showed that the industries were closely allied; that defendant used sensors, and that many ultimate users purchased the products of both. Confusion as to source could well occur. The court was warranted in finding that this was not negatived by the fact that defendant also used its tradename DOR-O-MATIC in some connection with FIRE-EYE; the more particularly since the conjunction and emphasis was subject to considerable fluctuation.[2]

---

1. Without intending any pun, defendant clearly went into this with its eyes open.

2. Defendant asked the court to rule that it could continue to use both words together, provided that there was a sufficiently apparent connection. We hardly think Procter & Gamble would look with equanimity on Colgate's selling IVORY SOAP, even if Colgate's name appeared thereon. See, also, A. T. Cross Co. v. Jonathan Bradley Pens, Inc., 2 Cir., 1972, 470 F.2d 689, 692.

Defendant's principal contention is that its product is normally chosen for the ultimate user by independent specialists—architect or engineering firms—who are too sophisticated to be confused as to the source. That issue was extensively explored below. The sophistry is on defendant's part. Plaintiff showed that defendant directed much advertising to ultimate users. As the court aptly, and conclusively, remarked, "Sales follow advertising, or advertising would cease." We need not analyze why defendant thought good will of the ultimate consumer was valuable. The fact is, it did.

■ Defendant told the court below that "Plaintiff doesn't really believe what they are telling your Honor." Regardless of what may be defendant's own belief on this appeal, we consider the appeal to be so lacking in merit that appellee should recover costs in this court to include reasonable counsel fees.

Affirmed.